```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF WASHINGTON
```

| | |
|---|---|
| RORY VAUGHN KEETON, | ) |
| Plaintiff, | ) No. CV-09-3103-CI |
| v. | ) REPORT AND RECOMMENDATION FOR<br>) ORDER GRANTING PLAINTIFF'S<br>) MOTION FOR AN AWARD OF EAJA |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ATTORNEY FEES |
| Defendant. | ) |

BEFORE THE COURT on Report and Recommendation is Plaintiff's Amended Motion for Attorney Fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Ct. Rec. 33.) Attorney Elie Halpern represents Plaintiff; Special Assistant United States Attorney Thomas M. Elsberry represents Defendant. The parties have not consented to proceed before a magistrate judge.

On January 10, 2011, the court adopted the undersigned's Report and Recommendation and granted the parties' Stipulated Motion for Remand. The matter was remanded to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Ct. Rec. 29, 30.) Judgment was entered for Plaintiff. (Ct. Rec. 31.) Plaintiff now moves for an award of attorney fees and expenses pursuant to EAJA and costs pursuant to 28 U.S.C. § 1920. (Ct. Rec. 33.) Defendant does not oppose the Motion. (Ct. Rec. 34 at 2.)

EAJA provides for an award of attorney fees to private litigants who both prevail in civil actions (other than tort) against the United States and timely file a petition for fees. 28 U.S.C. §

REPORT AND RECOMMENDATION FOR ORDER GRANTING PLAINTIFF'S MOTION
FOR AN AWARD OF EAJA ATTORNEY FEES - 1

2412(d)(2)(A).  Under EAJA, the court must award attorney fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust."  28 U.S.C. § 2412(d)(1)(A).

Plaintiff, as the prevailing party, seeks attorney fees of **$5,288.23,** costs in the amount of **$374.50,** and expenses in the amount of **$41.18.**  The award amount is based on Mr. Halpern's attorney fee rate of $172.24 per hour for 2.6 hours worked in 2009 and an attorney fee rate of $175.06 per hour for 8.5 hours worked in 2010; and based on Victoria Chhagan's attorney fee rate of $175.06 for 19.15 hours worked in 2010.  (Ct. Rec. 33 at 11-12.)  Plaintiff's request is supported by counsels' itemized billing statement.  *Id.*  Defendant does not object to these rates or amounts.  (Ct. Rec. 34 at 2.) However, citing *Astrue v. Ratliff,* 130 S.Ct. 2521 (2010), Defendant responds the award of fees must be paid directly to Plaintiff and not Plaintiff's attorneys. (*Id*. at 2-3.)  In *Ratliff*, the Supreme Court held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that a litigant owes the United States."  *Ratliff*, 130 S.Ct. at 2524, 2529.  Unless the agency receives verification that Plaintiff does not have outstanding federal debts that would qualify for offset of an EAJA award, and Plaintiff has made a valid assignment of the EAJA award, direct payment of an EAJA award to Plaintiff's counsel is not authorized.  *Id*. at 2529.

Here, the record includes Plaintiff's declaration authorizing payment of EAJA fees directly to his attorney. (Ct. Rec. 23.) Defendant proposes the EAJA award be paid directly to Plaintiff's attorney only upon verification that Plaintiff has no debt which

REPORT AND RECOMMENDATION FOR ORDER GRANTING PLAINTIFF'S MOTION
FOR AN AWARD OF EAJA ATTORNEY FEES - 2

qualifies for offset against the award, pursuant to the United States Treasury Offset Program, as described in *Ratliff*. (Ct. Rec. 34.) If no offset is due, Defendant agrees to send the EAJA award to Mr. Halpern at Halpern and Oliver, PPLC, 1800 Cooper Pt. Road SW, Building #19, Olympia, Washington 98502. Plaintiff does not object to this proposal. Accordingly,

**IT IS RECOMMENDED:**

1. The court **GRANT** Plaintiff's Amended Motion for EAJA fees (**Ct. Rec. 33**);

2. The court direct payment of EAJA fees in the amount of **$5,288.23**, to Plaintiff, subject to any offset under the Treasury Offset Program.

3. The court direct the Commissioner pay costs in the amount of $374.50, and expenses in the amount of $41.18 directly to Mr. Halpern at the address above.

**IT IS FURTHER RECOMMENDED** if the Commissioner determines there is no outstanding debt subject to offset pursuant to the Treasury Offset Program, the court direct the Commissioner to award EAJA attorney fees in the amount of **$1,935.83**, payable directly to attorney Elie Halpern, to be mailed to the address above; and award EAJA attorney fees in the amount of **$3,352.40**, payable directly to attorney Victoria Chhagan, also to be mailed to address above.

The Clerk of the Court is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. The file shall be **CLOSED.**

DATED March 11, 2011.

                    S/ CYNTHIA IMBROGNO
              UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION FOR ORDER GRANTING PLAINTIFF'S MOTION FOR AN AWARD OF EAJA ATTORNEY FEES - 3