UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RORY VAUGHN KEETON,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>        Defendant. | No. CV-09-3103-CI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR AN AWARD OF EAJA ATTORNEY FEES** |

BEFORE THE COURT is Plaintiff Roy Vaugh Keeton's Amended Motion for Attorney Fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Ct. Rec. 33.) Attorney Elie Halpern represents Plaintiff; Special Assistant United States Attorney Kathy Reif represents Defendant. The parties have not consented to proceed before a magistrate judge.

On January 10, 2011, the Court adopted Magistrate Judge Imbrogno's Report and Recommendation, and granted the parties' stipulated motion for remand. (ECF No. 28, 29, 30.) The matter was remanded to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 30.) Judgment was entered for Plaintiff. (ECF No. 31.) Plaintiff filed an Amended Motion for Attorney Fees pursuant to 28 U.S.C. § 2412 on January 27, 2011. (ECF No. 33.)

ORDER GRANTING PLAINTIFF'S
MOTION FOR AN AWARD OF
EAJA ATTORNEY FEES - 1

The EAJA provides for an award of attorney fees to private litigants who both prevail in civil actions (other than tort) against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(2)(A). Under the EAJA, the court must award attorney fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." *Id.* § 2412(d)(1)(A).

Plaintiff, as the prevailing party, seeks EAJA attorney fees of **$5,288.23,** expenses in the amount of **$41.18** pursuant to § 2412(d), and costs in the amount of **$374.50** pursuant to § 1920. The requested award amount is based on 1) Mr. Halpern's attorney fee rate of $172.24 per hour for 2.6 hours worked in 2009 and an attorney fee rate of $175.06 per hour for 8.5 hours worked in 2010, and 2) attorney Victoria Chhagan's attorney fee rate of $175.06 for 19.15 hours worked in 2010. (ECF No. 33.) Plaintiff's request is supported by counsels' itemized billing statements. (*Id.*, Attach. 2 & 3.) However, the file does not reflect that Ms. Chhagen filed a Notice of Appearance in this matter.

In his response to Plaintiff's Amended Motion, Defendant did not object to motion or rates and amounts requested. (ECF No. 34 at 2.) However, citing *Astrue v. Ratliff,* 130 S. Ct. 2521 (2010), Defendant asserted the award of EAJA fees must be paid directly to Plaintiff and not Plaintiff's attorneys. (ECF No. 34 at 2-3.) In *Ratliff*, the Supreme Court held, "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that a litigant owes the United States." *Ratliff*, 130 S. Ct. at 2524 & 2529. Unless the agency receives verification that

ORDER GRANTING PLAINTIFF'S
MOTION FOR AN AWARD OF
EAJA ATTORNEY FEES - 2

Plaintiff does not have outstanding federal debts that would qualify for offset of an EAJA award, and Plaintiff has made a valid assignment of the EAJA award, direct payment of an EAJA award to Plaintiff's counsel is not authorized. *Id*. at 2529.

Here, the record includes Plaintiff's declaration authorizing payment of EAJA fees directly to his attorney. (ECF No. 23.) Defendant asserted if a federal debt subject to the United States Treasury Offset Program is owing, any EAJA award remaining after the government offset should be payable directly to Plaintiff. (ECF No. 34 at 3.) Defendant also proposed that, upon verification by the Commissioner that Plaintiff has no government debt which qualifies for offset against the EAJA award, the EAJA award be paid directly to Plaintiff's attorney. If no offset is due, Defendant agreed to send the EAJA award, payable to Mr. Halpern, directly to Mr. Halpern at Halpern and Oliver, PPLC, 1800 Cooper Point Road SW, Building #19, Olympia, Washington 98502. *Id*. Plaintiff did not object to this proposal.

On March 11, 2011, Magistrate Judge Imbrogno entered a Report and Recommendation recommending the Court grant Plaintiff's Amended Motion for EAJA fees and expenses. (ECF No. 35.) On March 25, 2011, Defendant timely filed Objections to the Magistrate Judge's recommendation that a portion of the attorney fee award be payable directly to Ms. Chhagen. Defendant argues that "although Ms. Chhagan may have assisted Mr. Halpern with Plaintiff's representation, only Mr. Halpern represents Plaintiff." (ECF No. 37 at 2.) Defendant correctly argues if an EAJA award is granted, it should be payable only to Mr. Halpern. *Id.*

ORDER GRANTING PLAINTIFF'S
MOTION FOR AN AWARD OF
EAJA ATTORNEY FEES - 3

     Defendant also correctly argues that under *Ratliff,* all fees, expenses and costs payable to Plaintiff by the United States are subject to Treasury Offset Program. *Ratliff*, 130 S. Ct. at 2524 (quoting 31 U.S.C. § 3701(a)(1)). Therefore, expenses and costs cannot be paid directly to Plaintiff's counsel as recommended in the Report and Recommendation. Plaintiff has not contested Defendant's Objections.

     For these reasons, the Court **DECLINES** to adopt the Magistrate Judge's Report and Recommendation (ECF No. 35) to the extent it 1) recommends payment directly to Ms. Chhagen, and 2) is inconsistent with the holdings in *Ratliff*. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Amended Motion for Attorney Fees, Costs and Expenses pursuant to 28 U.S.C. § 2412 (**ECF No. 33**) is **GRANTED IN PART.**
2. The U.S. Treasury shall promptly determine whether there is an outstanding debt subject to offset pursuant to the Treasury Offset Program. No later than May 9, 2011, Defendant shall file a notice indicating the U.S. Treasury's determination.
3. If the U.S. Treasury determines there is an outstanding debt subject to offset pursuant to the Treasury Offset Program, the Commissioner is directed to pay an EAJA award in the amount of **$5,288.23**, expenses in the amount of **$41.18,** and costs in the amount of **$374.50**, directly to Plaintiff, subject to any offset under the United States Treasury Offset Program. Plaintiff's award check shall be delivered to Plaintiff's counsel, Elie Halpern, at Mr. Halpern's office: Halpern & Oliver, PLLC, 1800 Cooper Point Road SW, Bldg. 19, Olympia, WA 98502.
4. If the United States Treasury determines there is no outstanding

ORDER GRANTING PLAINTIFF'S
MOTION FOR AN AWARD OF
EAJA ATTORNEY FEES - 4

debt subject to offset pursuant to the Treasury Offset Program, the Commissioner shall pay EAJA attorney fees in the amount of **$5,288.23**, expenses in the amount of **$41.18,** and costs in the amount of **$374.50**, directly to attorney Elie Halpern at the address above.

IT IS SO ORDERED. The Clerk of the Court is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant and close the file.

**DATED** this ___18th___ day of April 2011.

S/ Edward F. Shea
EDWARD F. SHEA
UNITED STATES DISTRICT JUDGE

Q:\Civil\2009\Keeton.orderdecliningRandR.wpd